M. HAMPTON TODD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25462. Promulgated March 20, 1929.

*Robert G. Erskine, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SIEFKIN: As to the first question, the profit upon the sale of the real estate, the petitioner contends that no adjustment should be made to the March 1, 1913, value on account of depreciation. His allegation and his evidence make the point that there was no actual depreciation. The petitioner's testimony is to the effect that the property was kept in repair at all times after its purchase, and did not deteriorate in fact.

We do not believe that this evidence as to repairs is sufficient to overcome the certainty that the property will, some time in the future, come to the end of its life, although the doctrine of exhaustion by time must rest upon an assumption as to probable life made far in advance of the end of that life. We must follow the rule laid down by the Supreme Court of the United States in *United States* v. *Ludey*, 274 U. S. 295, and as stated early in the Board's history in *Even Realty Co.*, 1 B. T. A. 355.

With respect to the second question, the petitioner contends that the appointment by the Orphans' Court made him an officer of the Commonwealth of Pennsylvania, and that the fee received by him for such service is exempt from Federal taxation.

Section 24 of the Orphans' Court, Partition Act of 1917, under which the petitioner was appointed, provides:

Whenever any real estate shall be ordered to be sold under proceedings in partition, the Orphans' Court is hereby authorized and required,—in case of the neglect or refusal of the executor or administrator to execute such order, or in case there be no executor or administrator, or in case the court for any reason deems it advisable,—to appoint some suitable person trustee for the purpose of making such sale, who shall be subject to the same restrictions and have the same power, and whose proceedings shall have the same effect to all intents and purposes, as are provided in the case of such sales by executors or administrators.

The recent case of *Miller* v. *McCaughn*, decided by the Circuit Court of Appeals for the Third Circuit, 27 Fed. (2d) 128, is conclusive on us in this case. There Miller was appointed by the same court that appointed the petitioner in this case. The court said:

The facts, which are undisputed, are that the Judges of the Orphans' Court in Philadelphia, having occasion to be advised as to the financial worth of surety companies whose bonds were tendered to said Court by guardians, administrators, etc., appointed Mr. Miller, who was a member of its bar, a standing auditor to ascertain and report the financial worth of such companies as should apply to the Court to so furnish surety bonds. No statute of Pennsylvania authorized such appointment and Mr. Miller received no pay from the State. His services were paid from a fund contributed by applying surety companies. The income tax on the pay thus received was collected from him by the Government. This he now seeks to recover on the ground that he is an official of the State and such is not subject to Federal Income Tax. On the other hand the Government contends he does not come within the income exemption provision which is of "an officer or employee of any state or political subdivision thereof." We agree with the Government's contention and the finding of the trial judge. The exemption of State employees from Federal income tax rests on the ground that the agencies the State employs in Government should not be burdened by Federal taxes which would lessen the State's power to employ and compel it to pay more for the services of its employees. But no such reason exists in the case of this examiner. No power of the State is crippled or lessened by his paying tax on his income. Neither the state nor the Court pay Mr. Miller. Under modern conditions these companies become sureties for pay, and as part of their business expense and in order to obtain business, they provide a fund by which the Court can be satisfied, through the services of an examiner or auditor of their solvency, and in no sense can such examiner be regarded for income tax exemption as an officer or employee of the State of Pennsylvania.

In *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, the contention was made that the trustees under the authority of the laws or courts of the State were exempt from taxation under the corporation excise tax act. The Supreme Court of the United States said:

Nor is the special objection tenable, made in some of the cases, that the corporations act as trustees, guardians, etc., under the authority of the laws or courts of the state. Such trustees are not the agents of the state government in a sense which exempts them from taxation because executing the necessary governmental powers of the state. The trustees receive their compensation from the interests served, and not from the public revenues of the state.

We regard the reasoning of the courts above as requiring us to hold that the petitioner in this proceeding did not receive the fee in question as an officer of the Commonwealth of Pennsylvania.

*Judgment will be entered for the respondent.*